# 96 DTA 112

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL II - BAYAMON PANEL I

JOSE ALBERTO DEIDA PACHECO
Peticionario

CARMEN E. GARCIA VAZQUEZ
Recurrida

EX-PARTE

Núm. KLCE-96-00424

San Juan, Puerto Rico, a 8 de agosto de 1996

Panel integrado por su Presidenta, la Jueza Ramos Buonomo
y los Jueces Ortiz Carrión y Cordero

Cordero, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

Se nos solicita que revoquemos una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón en la cual aprobando y adoptando la recomendación de la Examinadora, se le ordenó al peticionario pagar $325 mensuales por concepto de pensión alimentaria provisional para beneficio de su hijo menor de edad. Procede que confirmemos la decisión del tribunal de instancia.

## I

El matrimonio entre José Alberto Deida Pacheco y Carmen E. García Vázquez fue disuelto mediante sentencia de divorcio el 20 de marzo de 1987. Durante el matrimonio, las partes procrearon dos hijos, Yara Michelle y Omar, quienes permanecieron bajo la patria potestad y custodia de la madre de éstos, la Sra. Carmen E. García Vázquez, la aquí recurrida. Yara Michelle contrajo matrimonio el 6 de noviembre de 1995.

Luego del divorcio, el peticionario contrajo nupcias con la Sra. Maritza Colón Rivera. En su nuevo matrimonio el peticionario procreó dos hijas, Ashley y Jeannish. En diciembre de 1994, el peticionario se divorció de su segunda esposa y se le fijó mediante sentencia una pensión alimentaria de $200.00 mensuales.

El 6 de octubre de 1994 y teniendo los hijos menores de su primer matrimonio 16 y 17 años de edad, la recurrida presentó una moción solicitando aumento de pensión alimentaria. El peticionario contestó dicha moción solicitando a su vez una rebaja de pensión alimentaria. Desde el 15 de mayo de 1989 la pensión alimentaria de los dos menores había sido de $350.00 mensuales.

Por solicitud de la recurrida, el tribunal de instancia emitió una citación para que la Sra. Maritza Colón Rivera compareciera a la vista sobre pensión alimentaria ante la Examinadora. Luego de varias suspensiones de dicha vista, la misma fue señalada para el 28 de marzo de 1996. Ambas partes comparecieron a la vista, no así la Sra. Colón Rivera.

Ante la incomparecencia de ésta, la recurrida solicitó la suspensión de la vista. La Sra. García Vázquez fue puesta bajo juramento por la Examinadora. Testificó la recurrida que su hijo menor, Omar A. Deida García, quien no se encontraba en la vista, le había dicho que el peticionario aún trabajaba para Serigrafía Comercial en Caguas ■ Alega la recurrida en su escrito que el peticionario no ha dejado de convivir con la Sra. Colón Rivera, por lo que es necesario determinar la situación económica real del peticionario y que además existe la necesidad de determinar fuentes adicionales de ingreso del peticionario. ■ La vista de pensión alimentaria fue suspendida y la Examinadora recomendó una pensión alimentaria provisional de $325.00 mensuales. Tal recomendación fue doptada por el tribunal de instancia mediante orden del 8 de abril de 1996 ordenándosele al peticionario pagar la referida pensión alimentaria provisional a tenor con el Art. 17 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. sec. 516 y a partir del 1 de mayo de 1996. También en dicha orden se reseñaló la vista con la Examinadora para el 15 de agosto de 1996.

No conforme, el peticionario acudió ante nos. En su recurso, le imputa al tribunal *a quo* la comisión del siguiente error:

*"Erró el tribunal de instancia al resolver mediante orden de pensión alimenticia provisional sin hacer determinación [sic] expecíficas [sic] sobre la condición económica de los excónyuges en base de la evidencia ya en autos, las planillas de información personal y económicas, con su respectiva prueba documental y las planillas enmendadas, privando al peticionario-recurrente de su derecho al debido proceso de ley y la igual protección de las leyes."*

Este tribunal dictó una resolución en la cual se ordenó a la parte recurrida mostrar causa por la cual no se deba dejar sin efecto la pensión alimentaria provisional. Dicha parte ha comparecido. Estamos listos para resolver.

## II

Existe un alto interés público de que se cumpla cabalmente con la obligación que tienen los padres de alimentar a sus hijos. *Pueblo v. Zayas Colón,* ___ D.P.R. ___ (1995), **95 J.T.S. 127,** págs. 103-104. La obligación de alimentar a los hijos menores tiene su fundamento en el derecho a la vida y la misma debe exigirse judicialmente con el mayor rigor. *Rodríguez Sanabria v. Soler Vargas,* ___ D.P.R. ___ (1994), **94 J.T.S. 59,** pág. 11821. Los dictámenes sobre pensión alimentaria siempre están sujetos a cambio, según varíen las circunstancias del alimentista o del alimentante. Negrón Rivera y Bonilla, Ex Parte, 120 D.P.R. 61, 73 (1987).

La Ley Especial de Sustento de Menores tiene como propósito *"procurar que los padres o las*

*personas legalmente responsables contribuyan, en la medida en que sus recursos lo permitan, a la manutención y bienestar de sus hijos o dependientes mediante el fortalecimiento de los sistemas y la agilización de los procedimientos administrativos y judiciales para la determinación, recaudación y distribución de las pensiones alimentarias. Las disposiciones de este capítulo se interpretarán liberalmente a favor de los mejores intereses del menor o alimentista que necesite alimentos."* Art. 3 de la Ley Especial de Sustento de Menores, de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. sec. 502.

El trámite para la fijación de una pensión alimentaria provee un procedimiento ante un Examinador quien celebrará una vista y someterá al tribunal un informe con sus recomendaciones. Arts. 13 y 18 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. secs. 512 y 517.

El Art. 17 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. sec. 516, dispone lo siguiente:

*"En adición a lo dispuesto en las secs. 514, 515 y 517(2) de este título, el Examinador recomendará la fijación de una pensión alimentaria provisional cuando, a solicitud de cualesquiera de las partes o por alguna otra razón, se disponga la posposición de una vista, se refiera el caso al juez o se transfiera el caso a otra sala o sección del tribunal, o cuando las necesidades del alimentista sean tan urgentes que así se requiera, excepto en los casos en que la paternidad del alimentista esté en controversia. La pensión provisional permanecerá en vigor hasta que el juez haga una nueva determinación o dicte una resolución."*

La Planilla de Información Personal y Económica es el formulario que sirve *"de guía respecto de la información mínima requerida sobre la situación económica de las partes, las necesidades del alimentista y la capacidad de pago del alimentante."* Art. 16 de la Ley Especial de Sustento de Menores, 8 L.P.R.A. sec. 515.

### III

En síntesis alega el peticionario que para fijar la pensión provisional en este caso no se tomó en cuenta las Planillas de Información y Económica presentadas por las partes. Teniendo como base las normas anteriores expuestas y habiendo examinado los escritos de las partes y los autos del caso, concluimos que no tiene razón el peticionario.

En el caso de autos ambas partes presentaron sus respectivas Planillas de Información Personal y Económica. Al suspenderse la vista del 28 de marzo de 1996 ante la Examinadora a solicitud de la parte recurrida, procedía como se hizo el que se fijara una pensión provisional y se señalara una vista. Lo que hizo la Examinadora en este caso fue recomendar una pensión provisional a base de la información disponible que tenía hasta ese momento. Dicha pensión provisional sólo permanecerá en vigor hasta que se haga una nueva determinación en la vista señalada para el 15 de agosto de 1996. Obviamente, si las partes llegan a un acuerdo entre sí, debidamente aprobado por el foro *a quo*, la vista se hace innecesaria.

La pensión provisional fijada por la Examinadora y que impugna el peticionario es de $325.00 mensuales. Nos indica el peticionario que *"[l]as tablas guias [sic] del Modelo de Guías para determinar pensiones alimentarias en Puerto Rico sugieren un pago de $264.94 para un hijo menor de 15 años o más, cuando el alimentante tiene unos ingresos de $1,300 dólares neto."* ■ Tal alegación es una totalmente improcedente e inmeritoria. Hemos examinado las planillas de ambas partes y los cómputos realizados por la Examinadora para llegar a tal cantidad. La determinación que hizo la Examinadora fue a base de las Planillas de Información Personal y Económica sometidas en autos y es una esencialmente correcta.

### IV

Por los fundamentos antes expuestos, se expide el auto de *certiorari* y una vez expedido se confirma la resolución dictada por el foro *a quo* de fecha 8 de abril de 1996.

Notifíquese por facsímil y por la vía ordinaria.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.

Sonia Pacheco Román
Secretaria General

**ESCOLIOS 96 DTA 112**

**1.** Véase Solicitud de *Certiorari*, a la página 4.

**2.** Véase Moción en Cumplimiento de Orden, a la página 7.

**3.** Véase Solicitud de *Certiorari*, a la página 7.